# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Reed and Tom Vevea as Trustees of the Minnesota Laborers Health and Welfare Fund and the Minnesota Laborers Pension Fund, James Brady and Keith Kramer as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No: 12-CV-1879 (MJD/FLN) |

      Plaintiffs,

v.

Gladstone Construction, Inc.,

      Defendant.

**ORDER FOR**
**<u>ENTRY OF JUDGMENT</u>**

This matter was heard before the undersigned on March 22, 2013. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

1

# FINDINGS OF FACT

1.      The Amended Complaint was filed with the Court on October 24, 2012.

2.      The Amended Complaint was served on Gladstone Construction, Inc.'s ("Gladstone Construction") authorized agent on October 25, 2012.

3.      Gladstone Construction failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Gladstone Construction to answer the Complaint lapsed.

4.      The Clerk entered default on November 20, 2012.

5.      Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6.      The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7.      The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

8.      The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9.      The Gladstone Construction accepted and agreed to be bound to the terms of a collective bargaining agreement between the Metropolitan Builders Division

of Associated General Contractors of Minnesota and the Minnesota Concrete and Masonry Contractors Association and the Laborers' District Council of Minnesota and North Dakota and its affiliated Unions covering the period of September 6, 2010 through April 30, 2013 ("Collective Bargaining Agreement").

10. The Collective Bargaining Agreement requires Gladstone Construction to submit contributions to the Funds in an amount per hour specified in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement requires that Gladstone Construction set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

12. The Collective Bargaining Agreement requires that Gladstone Construction submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due. Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

13. Gladstone Construction breached the terms of the Collective Bargaining Agreement by failing to submit the required remittance reports and contributions for the months of June and July 2012 ("Delinquency Period").

14. Pursuant to the remittance reports and contributions untimely submitted by Gladstone Construction, $3,749.17 is due and owing to the Funds for delinquent contributions.

15. Following the filing of this lawsuit, Gladstone Construction made a partial

3

payment in the amount of $3,749.17 for which it is entitled to a credit.

16. The Collective Bargaining Agreement further provides that the Funds' Trustees, or their authorized agent, have the right, at any reasonable time, to inspect a complete set of all relevant payroll and employment records, including, but not limited to federal forms W2s and W3s, Social Security, withholding, unemployment, and Workers' Compensation payment records, 1099s, and 941s, and any other records deemed necessary by the Funds.

17. The Funds' authorized agent requested that Gladstone Construction produce a complete set of its payroll and employment records for the period of January 1, 2011 through August 31, 2012 ("Audit Period").

18. Gladstone Construction voluntarily produced a complete set of its payroll and employment records for the Audit Period and the Funds' authorized agent reviewed them to determine whether Gladstone Construction complied with its contribution obligations to the Funds as set forth in the Collective Bargaining Agreement.

19. In conducting the audit, the Funds' authorized agent determined that there were hours worked by Gladstone Construction's employees covered by the Collective Bargaining Agreement for which Gladstone Construction did not submit contributions to the Funds, and the Funds' authorized agent created an audit invoice setting forth the unpaid contributions. Specifically, the Funds' authorized agent determined that $35,280.70 is due and owing to the Funds for delinquent contributions for the Audit Period.

20. Following the filing of this lawsuit, Gladstone Construction submitted a partial payment in the amount of $35,280.70, for which it is entitled to a credit.

4

21.     The Collective Bargaining Agreement provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

22.     Liquidated damages in the amount of $374.92 are due and owing to the Funds for delinquent contributions for the Delinquency Period.

23.     Liquidated damages in the amount of $3,528.07 are due and owing to the Funds for delinquent contributions for the Audit Period.

24.     The Collective Bargaining Agreement further provides that Gladstone Construction is liable to the Funds for interest charges on the unpaid contributions.

25.     The Funds' Collection Policy further provides for the collection of interest at a rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus .5 percent when a auditor determines a discrepancy of five percent or greater than the total contributions remitted by the employer in a 12 month period.

26.     The current actuarial assumed rate of return for the Minnesota Laborers Pension Fund is 7.75 percent.  As such, the Funds are entitled to interest on the unpaid contributions at a rate of 8.25 percent annually.

27.     Interest in the amount of $4,117.67 is due and owing to the Funds for the Audit Period.

28.     The Collective Bargaining Agreement further provides that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

29.     The Funds incurred attorneys' fees and costs in pursuing this delinquency

5

in the amount of $2,262.90. These attorneys' fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

## **CONCLUSIONS OF LAW**

1.      Gladstone Construction is in default and the Funds are entitled to entry of judgment.

2.      Gladstone Construction is liable to the Funds in the amount of $374.92 for liquidated damages for the Delinquency Period.

3.      Gladstone Construction is liable to the Funds for the greater of liquidated damages plus interest calculated at a rate prescribed by the Funds' Collection Policy, or double interest.

4.      Double interest is greater than the award of liquidated damages and interest.

5.      Gladstone Construction is liable to the Funds in the amount of $8,235.34 for double interest on the unpaid contributions for the Audit Period.

6.      Gladstone Construction is liable to the Funds in the amount of $2,262.90 for attorneys' fees and costs.

## <u>ORDER</u>

**IT IS ORDERED:**

1.      That Plaintiffs' Motion for Entry of a Default Money Judgment is granted.

2.      That judgment in the amount of $10,873.16 be entered against Gladstone

Construction, Inc., and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   April 12, 2013                          BY THE COURT:

                                                s/ Michael J. Davis
                                                The Honorable Michael J. Davis
                                                United States District Court Judge